# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELDA WILSON,<br><br>          Plaintiff,<br><br>     v.<br><br>R. PERKINSON, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:10-cv-01904-LJO-GBC<br><br>ORDER DISMISSING ACTION AS DUPLICATIVE BARRED BY RES JUDICATA AND FRIVOLOUS<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Doc. 1) |

   Plaintiff Helda Wilson is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On October 12, 2010, Plaintiff filed this 1983 action which was assigned case number 1:10-cv-01904-LJO-GBC.

   Upon review of this case, this Court has concluded that the complaint submitted on October 12, 2010, is substantively identical to the first amended complaint that Plaintiff filed on August 7, 2008, in the case *Wilson v. Perkinson et al.*, 1:06-cv-00861-CKJ, which originally opened on July 10, 2006. The case, *Wilson v. Perkinson et al.*, 1:06-cv-00861, was dismissed on January 22, 2009, with prejudice for failure to state a claim. The Court also notes that a similar case, *Wilson v. Perkinson et al.*, 1:10-cv-01086-DLB, was dismissed on August 24, 2010, without prejudice for failure to comply with a court order.

   The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements

necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416, 120 S.Ct. 2304, 2318 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

Same as this case, *Wilson v. Perkinson et al.*, 1:06-cv-00861, involved claims stemming from an eye surgery performed on December 28, 2000, on Plaintiff's left eye and subsequent medical treatment for three years following the eye surgery. Same as this case, Plaintiff's claims are against Defendants R. Perkinson, J. Fitter and T. Bzoskie for their medical treatment of Plaintiff's eye. Additional defendants have been added to this case: Robinson was added for "participat[ing] in Dr. Perkinson's malpractice." (Doc. 1). Defendants Cassim, Attygalla, Deliberto, Manuel and Grannis are added to this case for their roles in reviewing grievance and appeals from the previously litigate medical treatment of Plaintiff's eye. (Doc. 1). The court in *Wilson v. Perkinson et al.*, 1:06-cv-00861, made a final judgment on the merits fo the case, finding that Plaintiff's allegations were not sufficient to allege an Eighth Amendment medical claim for deliberate indifference since the conduct alleged amounted to, at most, negligence. *Wilson v. Perkinson et al.*, 1:06-cv-00861 (Doc. 22, Order dismissing amended complaint for failure to state a claim).

The case currently before this court stems from the medical actions which were previously litigated against the same parties and those is privity with parties in *Wilson v. Perkinson et al.*,

1:06-cv-00861. A prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Therefore, the Court finds that this current case, *Wilson v. Perkinson et al.*, 1:10-cv-01904, is bared by *res judicata* and was merely duplicative of the previously dismissed suit for failure to state a claim (*Wilson v. Perkinson et al.*, 1:06-cv-00861). Thus, this action is also frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

In light of the duplicative nature of the instant action to the action opened on October 12, 2010, the Court HEREBY ORDERS the instant action DISMISSED as barred by *res judicata*, duplicative and frivolous. Therefore, all pending motions in this suit are DISMISSED as moot and the Clerk of Court is DIRECTED to terminate this case in accordance with this Order.

Based on the foregoing, the court ORDERS that:

1. The suit is DISMISSED as duplicative and frivolous;
2. All pending motions in this suit are DISMISSED as moot; and
3. The Clerk of Court is DIRECTED to terminate this case in accordance with this order.

IT IS SO ORDERED.

**Dated:   March 3, 2011**              /s/ **Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE